**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4669**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL MARSHALL, a/k/a Michael Antoine Marshall,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:07-cr-00283-FDW-1)

―――――――――

Submitted: September 25, 2014      Decided: September 29, 2014

―――――――――

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Marshall appeals the thirty-month sentence imposed upon revocation of his term of supervised release following the court's finding that he had twenty separate violations. Marshall contends that the upward variance sentence was unreasonable because it was more than double the high end of his eight-to fourteen-month policy statement range. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal Sentencing Guidelines Manual, as well as the statutory requirements and

2

factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012).

In determining Marshall's revocation sentence, the district court considered the Chapter Seven policy statements, the statutory requirements, and the relevant factors in § 3553(a). The court noted that Marshall, who had received a relatively short sentence for his underlying federal fraud related convictions, returned to his fraudulent activities during his supervised release period by engaging in a "sophisticated" and "calculating" fraud scheme similar to the criminal acts for which he was previously imprisoned. (J.A. 115). The court remarked that Marshall was "a very talented man" who used "his talents in the worst possible way" (id.) and that he was "a pathological liar." (J.A. 116). The court discussed Marshall's criminal history, personal characteristics, the need for specific and general deterrence, and that Marshall had "flagrantly" violated the law while on supervised release (id.), and concluded that an upward variance sentence of thirty months of imprisonment was appropriate. See United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2011) (providing that court may vary from Guidelines range based on considerations other than Guidelines-sanctioned departures).

This thirty-month sentence, below the thirty-six month maximum sentence sought by the Government, is not plainly

3

unreasonable.  Crudup, 461 F.3d at 437-39.  Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED